1 | M. Douglas Flahaut (SBN 245558)
douglas.flahaut@arentfox.com
2 | Christopher K.S. Wong (SBN 308048)
christopher.wong@arentfox.com
3 | **ARENT FOX LLP**
555 West Fifth Street, 48th Floor
4 | Los Angeles, CA 90013-1065
Telephone:   213.629.7400
5 | Facsimile:   213.629.7401

6 | Robert M. Hirsh (*pro hac vice admitted*)
robert.hirsh@arentfox.com
7 | **ARENT FOX LLP**
1301 Avenue of the Americas, 42nd Floor
8 | New York, NY 10019-6022
Telephone:   212.457.5430
9 | Facsimile:   212.484.3990

10 | Jackson D. Toof (*pro hac vice admitted*)
jackson.toof@arentfox.com
11 | Nadia A. Patel (*pro hac vice admitted)*
nadia.patel@arentfox.com
12 | **ARENT FOX LLP**
1717 K Street, NW
13 | Washington, DC 20006-5344
Telephone:   202.857.6130
14 | Facsimile:   202.857.6395

15 | *Attorneys for Plaintiffs*
*Medline Industries Holdings, L.P. and*
16 | *Medline Industries, Inc.*

17

## UNITED STATES DISTRICT COURT

18

## CENTRAL DISTRICT OF CALIFORNIA

19

## WESTERN DIVISION

20

| | |
|---|---|
| 21 MEDLINE INDUSTRIES HOLDINGS, L.P., and MEDLINE INDUSTRIES, INC., | Case No. 2:19-cv-08273-GW-AGR |
| 22 | **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT** |
| 23 Plaintiffs, | |
| 24 v. | |
| JOEL FREEDMAN, | Date:   01/06/2020 |
| 25 | Time:   8:30 a.m. |
| Defendant. | Honorable George H. Wu |
| 26 | |

27

28

1    Plaintiffs Medline Industries Holdings, L.P. ("Medline Holdings") and
2    Medline Industries, Inc. ("Medline," collectively "Plaintiffs") submit this opposition
3    to Defendant Joel Freedman's ("Defendant" or "Mr. Freedman") Motion to Dismiss.

4    **I.    INTRODUCTION**

5        This action arises out of Defendant's false promises to Plaintiffs that
6    Philadelphia Academic Health System, LLC ("PAHS") and its parent company,
7    Philadelphia Academic Health Holdings, LLC ("PAHH") would pay for medical
8    products supplied by Plaintiffs to Defendant's hospitals.  When PAHS and its
9    hospitals repeatedly failed to pay Medline invoices, Plaintiffs nearly terminated the
10   supply agreement with PAHS.  Defendant, in order to induce Plaintiffs to continue
11   supplying medical products to the hospitals, promised Plaintiffs that PAHH would
12   guarantee any debts of PAHS and the hospitals.  However, it became apparent that
13   Defendant's promises were anything but when PAHS filed for bankruptcy, and when
14   PAHH refused to remit payment pursuant to the guaranty for over $4 million in
15   outstanding invoices.  Defendant is therefore liable for unjust enrichment and fraud
16   in the inducement.

17   **II.   FACTUAL BACKGROUND**

18       Medline is a healthcare company that distributes healthcare products.  Medline
19   Holdings is a wholly owned subsidiary of Medline.  Compl. ¶ 3.  On August 1, 2018,
20   Medline Holdings entered into a Corporate Program Agreement (the "Agreement")
21   with Pennsylvania Academic Health System, LLC ("PAHS") to supply Medline
22   brand medical and surgical products and other hospital supplies.  *Id.* ¶ 10.  PAHS is
23   a wholly owned subsidiary of Defendant and owns and operates several hospitals in
24   the Philadelphia region, including Center City Healthcare, LLC d/b/a Hahnemann
25   University Hospital ("Hahnemann") and St. Christopher's Healthcare, LLC d/b/a St.
26   Christopher's Hospital for Children ("St. Christopher's").  *Id.* ¶ 9.
27       Although Medline was providing supplies and filling purchase orders from
28   Hahnemann and St. Christopher's pursuant to the Agreement, PAHS, Hahnemann,

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21384014.2

1  and/or St. Christopher's failed to pay numerous invoices. *Id.* ¶ 22. Medline Holdings

2  considered terminating the supply agreement due to the repeated delinquency.  Id. ¶

3  14.  However, Joel Freedman, the CEO and President of both PAHS and PAHH who

4  executed the Agreement on behalf of PAHS, promised Medline that Plaintiffs would

5  be paid all amounts owed, and that if Medline continued supplying products pursuant

6  to the Agreement, PAHH would guarantee any amounts owed to Plaintiffs.  *Id.* ¶ 15.

7       As a result, approximately five months after Medline Holdings and PAHS

8  executed the Agreement, on February 4, 2019, Medline executed a Corporate

9  Guaranty (the "Guaranty") with PAHH.  *Id.* ¶ 12.  Mr. Freedman executed the

10  Guaranty on behalf of PAHH.  *Id.* ¶ 13.  The Guaranty states that "Debtors [PAHS

11  and the hospitals] are desirous of obtaining or maintaining a line of credit from

12  Creditor [Medline] to enable Debtors to purchase medical supplies from Creditor

13  under the Corporate Program Agreement."  *Id.*, Ex. B, at 1.  The Guaranty provides

14  that PAHH, as the Guarantor, agrees to make "prompt payment when due of all

15  Indebtedness incurred by Debtors, or any of them, and due and owing to Creditor

16  [Medline]."  *Id.* ¶ 1.  The Guaranty further provides that "[i]f the Debtors, or any of

17  them, default in the payment of any such Indebtedness under the terms of the

18  Corporate Program Agreement, Guarantor will pay, or cause to be paid, to Creditor

19  on demand . . . the unpaid amount due."  *Id.* .  The Guaranty also provides that PAHH

20  is liable for attorneys' fees and costs incurred by Medline in enforcing the Guaranty.

21  *Id*.

22       Only five months after Mr. Freedman promised that Plaintiffs' invoices would

23  be paid, on July 1, 2019, PAHS filed for Chapter 11 bankruptcy in the United States

24  Bankruptcy Court for the District of Delaware.  Compl. ¶ 24.  Mr. Freedman therefore

25  gave Plaintiffs hollow assurances that either PAHH or PAHS would pay the amounts

26  owed in order to induce Plaintiffs to continue supplying medical supplies the

27  hospitals needed in order to continue functioning.  Id. ¶ 17.

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21384014.2

III.   **LEGAL STANDARD**

Rule 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted where a plaintiff's "plain statement" is insufficient to show that the plaintiff is entitled to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  To withstand dismissal, the complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  *Id*. at 562.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party." *Toranto v. Jaffurs*, 297 F. Supp. 3d 1073, 1084 (S.D. Cal. 2018).  "When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the court takes judicial notice." *Id.*

Defendant challenges the sufficiency of Plaintiffs' unjust enrichment and fraudulent inducement claims against him.  Contrary to Defendant's assertions, the Complaint sufficiently states a claim for unjust enrichment and fraudulent inducement.

IV.   **ARGUMENT**

A.   **Plaintiffs Sufficiently State a Claim for Unjust Enrichment against Mr. Freedman (Count I).**

"To allege unjust enrichment as an independent cause of action, a plaintiff must show that the defendant received and unjustly retained a benefit at the plaintiff's expense." *ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023, 1038–39 (9th Cir. 2016) (citing *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (Ct. App. 2000)); *see also Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2018 WL 2193644,

- 4 -

1    at \*28 (S.D. Cal. May 14, 2018), *reconsideration denied*, No. 17-CV-1112 JLS

2    (NLS), 2019 WL 1367815 (S.D. Cal. Mar. 26, 2019).  Plaintiffs have adequately

3    asserted a claim for unjust enrichment against Defendant.

4           **1.       The Complaint adequately alleges unjust enrichment.**

5         At this stage, Plaintiffs are merely required to allege facts to support an unjust

6    enrichment cause of action, and they have.  Plaintiffs sold and delivered medical

7    goods and supplies to PAHS, Hahnemann, and St. Christopher's.  Compl. ¶ 18.

8    PAHS, and Mr. Freedman, as the President of PAHS, *id.* ¶ 8, accepted those goods

9    and supplies, *id*. ¶ 20, and those goods and supplies were used by the hospitals in the

10   course of their operations — *i.e.*, providing medical services to patients.  *Id.* ¶ 21.

11   Without medical supplies, a hospital cannot operate.  Thus, the Court can infer that

12   the supplies were necessary to the hospitals' ability to generate revenue for PAHS

13   and Defendant.  Furthermore, Defendant and PAHS failed to pay for those goods and

14   supplies.  *Id.* ¶¶ 22-23.  As the President of PAHS, Defendant benefited from the

15   continued operation of the hospitals and the revenue generated by the hospitals and

16   PAHS.  These allegations sufficiently state a claim for unjust enrichment.

17        "When a plaintiff alleges unjust enrichment, a court may 'construe the cause

18   of action as a quasi-contract claim seeking restitution.'"  *Astiana v. Hain Celestial*

19   *Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (quoting *Rutherford Holdings, LLC*

20   *v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)).  As the Ninth Circuit held in

21   *Astiana*, a plaintiff states a claim for quasi-contract where the plaintiffs allege that

22   they were "entitled to relief ... because [defendant] 'entic[ed]' plaintiffs to purchase

23   their products through 'false and misleading' labeling, and that [defendant] was

24   'unjustly enriched' as a result."  783 F.3d 753, 762 (9th Cir. 2015).

25        Plaintiffs here have alleged that they are entitled to quasi-contractual relief

26   because Mr. Freedman induced them into selling Medline products to PAHS,

27   Hahnemann, and St. Christopher's, and Plaintiffs allege that Mr. Freedman was

28   "unjustly enriched" as a result.  Compl. ¶¶ 15, 21.  As the Ninth Circuit concluded in

- 5 -

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21384014.2

1   *Astiana*, "[t]his straightforward statement is sufficient to state a quasi-contract cause

2   of action."  783 F.3d at 762 (reversing the district court's dismissal of the plaintiffs'

3   unjust enrichment claim); *see also Jordan v. Wonderful Citrus Packing LLC*, No. 18-

4   CV-00401-AWISAB, 2018 WL 4350080, at *4 (E.D. Cal. Sept. 10, 2018)

5   (allegations that defendant took goods, services, and money without compensating

6   plaintiff adequately stated unjust enrichment claim).

7          Defendant asserts that Mr. Freedman, as an officer of PAHH and PAHS,

8   cannot be liable on contracts he signed on behalf of the companies.  Defendant's

9   argument is misplaced.  Plaintiffs (at this stage) do not contend that Defendant is

10  liable merely because he signed the contracts on behalf of the companies.  Indeed,

11  Plaintiffs do not assert a breach of contract claim against Mr. Freedman.  Rather,

12  Plaintiffs assert that Mr. Freedman is liable for unjust enrichment because he

13  benefited personally from the sale of Plaintiffs' products.  Accordingly, Defendant's

14  motion to dismiss the unjust enrichment claim should be denied.

15         **2.      Mr. Freedman is liable for unjust enrichment because he is**

16              **not a party to the Agreement or Guaranty.**

17         Defendant incorrectly contends that Mr. Freedman cannot be liable for unjust

18  enrichment as a matter of law because Plaintiffs' claims are governed by the

19  Agreement and Guaranty.  Plaintiffs agree that an enforceable express contract can

20  preclude a claim for unjust enrichment.  However, there is no contract between

21  Plaintiffs and Mr. Freedman.  Accordingly, Defendant's argument misses the mark.

22         "'[A]n action based on an implied-in-fact or quasi-contract cannot lie where

23  there exists *between the parties* a valid express contract covering the same subject

24  matter.'"  *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231,

25  166 Cal. Rptr. 3d 864, 872 (2014) (emphasis added) (quoting *Lance Camper*

26  *Manufacturing Corp. v. Republic Indemnity Co.*, 44 Cal. App. 4th 194, 203 (1996)).

27  Neither of the contracts discussed in the Complaint are *with Mr. Freedman*.  PAHS

28  and Medline Holdings entered into the Agreement on August 1, 2018.  Compl. ¶ 10.

- 6 -

1    Medline and PAHH entered into the Guaranty on February 4, 2019. *Id.* ¶ 12. Mr.

2    Freedman signed both of the contracts in his capacity as President of PAHS and

3    President of PAHH. *Id.* ¶ 11, 13. Therefore, Mr. Freedman was not a party to either

4    contract, and Plaintiffs' unjust enrichment claim is proper. *See Hartford Cas. Ins.*

5    *Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 1001, 353 P.3d 319, 327-28 (2015) (unjust

6    enrichment claim proper where written contract was not with the defendant).

7        Accordingly, Defendant's motion to dismiss Count I should be denied.

8        **B.**    **Plaintiffs Sufficiently State a Claim for Fraud in the Inducement**

9            **(Count II).**

10       The elements of fraudulent inducement in California are: "(a) a

11   misrepresentation (false representation, concealment, or nondisclosure); (b) scienter

12   or knowledge of its falsity; (c) intent to induce reliance; (d) justifiable reliance; and

13   (e) resulting damage." *Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294

14   (2005). Fraudulent inducement "occurs when 'the promisor knows what he is signing

15   but his consent is induced by fraud, mutual assent is present and a contract is formed,

16   which, by reason of the fraud, is voidable.'" *Rosenthal v. Great W. Fin. Sec. Corp.*

17   (1996) 14 Cal. 4th 394, 415, 58 Cal. Rptr. 2d 875, 926 P.2d 1061, 1073 (quoting *Ford*

18   *v. Shearson Lehman Am. Express, Inc.* (1986) 180 Cal. App. 3d 1011, 1028, 225 Cal.

19   Rptr. 895, italics omitted). Plaintiffs sufficiently allege a claim for fraud in the

20   inducement.

21       Plaintiffs allege that Medline provided medical supplies to PAHS,

22   Hahnemann, and St. Christopher's pursuant to the Agreement, but that PAHS,

23   Hahnemann, and St. Christopher's had failed to pay for the supplies. Compl. ¶ 10,

24   22. Because PAHS, Hahnemann, and St. Christopher's were delinquent in paying

25   invoices, Plaintiffs intended to cease supplying products. *Id.* ¶ 14. However, Mr.

26   Freedman promised Plaintiffs that if Medline continued supplying products, PAHS

27   would pay the invoices. *Id.* ¶ 15. Mr. Freedman also promised that PAHH would

28   enter into a guaranty agreement, in order to give Plaintiffs comfort that they would

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21384014.2

1    be paid to the extent PAHS failed to pay. *Id.* Based on these representations by Mr.

2    Freedman to Plaintiffs, Medline Holdings entered into the Guaranty. *Id.* ¶¶ 12-15.

3    However, although Plaintiffs continued to deliver supplies pursuant to the

4    Agreement, PAHS, Hahnemann, and St. Christopher's failed to pay for the supplies.

5    *Id.* ¶ 22. And, only five months after PAHH entered into the Guaranty, and only five

6    months after Mr. Freedman promised that Plaintiffs would be paid, PAHS,

7    Hahnemann, and St. Christopher's filed for bankruptcy. *Id.* ¶ 24. Furthermore, when

8    Plaintiffs demanded payment from PAHH pursuant to the Guaranty, PAHH failed to

9    remit payment. *Id.* ¶¶ 26-27. Given the temporal proximity between Mr. Freedman's

10   promise that Medline would be paid and the filing of bankruptcy, and given that Mr.

11   Freedman was the President of both PAHH and PAHS, the Court can certainly

12   infer—and Plaintiffs allege—that Mr. Freedman knew that his promise was hollow

13   and that Mr. Freedman never intended for Plaintiffs to be paid. *Id.* ¶ 17.

14   The Complaint therefore alleges (1) misrepresentation — that Mr. Freedman

15   promised that Plaintiffs would be paid; (2) knowledge — Mr. Freedman knew that

16   neither PAHH nor PAHS could or would pay Plaintiffs for the supplies by virtue of

17   his position as President of both entities; (3) intent to induce reliance — Mr.

18   Freedman made false promises in order to induce Plaintiffs into providing supplies

19   pursuant to the Agreement; and (4) justifiable reliance — Plaintiffs relied on the

20   Guaranty executed by Mr. Freedman, the President of PAHH, on behalf of PAHH,

21   in continuing to supply products pursuant to the Agreement. Contrary to Defendant's

22   assertions, these allegations are sufficient to withstand a motion to dismiss.

23   Accordingly, Defendant's motion to dismiss Count II should be denied.

24   **V.    CONCLUSION**

25   For the reasons set forth above, Plaintiffs have adequately alleged claims for

26   unjust enrichment and fraudulent inducement against Mr. Freedman. Therefore,

27   Defendant's motion to dismiss should be denied in its entirety. Alternatively, if a

28   motion to dismiss is granted, Plaintiffs request leave to amend their Complaint. *See*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

AFDOCS/21384014.2

1    *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016) ("In dismissing for failure to

2    state a claim, a district court should grant leave to amend even if no request to amend

3    the pleading was made . . . .").

4

5    Dated:        December 16, 2019          **ARENT FOX LLP**

6

7

8                                            By: */s/ Nadia A. Patel*
                                             M. Douglas Flahaut (SBN 245558)
9                                            Christopher K.S. Wong (SBN 308048)
                                             555 West Fifth Street, 48th Floor
10                                           Los Angeles, CA 90013-1065
                                             Telephone: 213.629.7400
11                                           Facsimile:  213.629.7401
                                             Email:  douglas.flahaut@arentfox.com
12                                                    christopher.wong@arentfox.com

13                                           Robert M. Hirsh (*pro hac vice*)
                                             1301 Avenue of the Americas, 42nd Floor
14                                           New York, NY 10019-6022
                                             Telephone: 212.457.5430
15                                           Facsimile:  212.484.3990
                                             Email:  robert.hirsh@arentfox.com
16
                                             Jackson D. Toof (*pro hac vice*)
17                                           Nadia A. Patel (*pro hac vice)*
                                             1717 K Street, NW
18                                           Washington, DC 20006-5344
                                             Telephone: 202.857.6130
19                                           Facsimile:  202.857.6395
                                             Email:  jackson.toof@arentfox.com
20                                                    nadia.patel@arentfox.com

21                                           Attorneys for Plaintiff
                                             Medline Industries Holdings, L.P. and
22                                           Medline Industries, Inc.

23

24

25

26

27

28